IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CHAD HALL, DUSKY  HALL, | § | |
| INDIVIDUALLY AND AS NEXT | § | |
| FRIENDS OF B. R. HALL, | § | |
| PLAINTIFFS | § | |
| | § | |
| VS | § | CIVIL  ACTION NO. |
| | § | |
| REMINGTON ARMS COMPANY, | § | JURY DEMANDED |
| INC., | § | |
| DEFENDANT | | |

## AMENDED NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Pursuant to Title 28 U.S.C. §§ 1332, 1442(a) (1) and 1446, Defendant REMINGTON ARMS COMPANY, LLC (formerly Remington Arms, Company, Inc., hereinafter "Remington"), gives notice of removal of an action filed against it in the 172nd Judicial District Court of Jefferson County, Texas, to the United States District Court for the Eastern District of Texas, Beaumont Division.  In support, Remington respectfully states as follows:

### Introduction

1.     On or about October 29, 2012, plaintiffs filed their lawsuit, entitled Chad Hall and Dusky Hall, Individually and as Next Friends of B. R.. Hall, Cause No. E 193,495 against Remington in the 172nd Judicial District Court of Jefferson County, Texas.[1]

2.     Plaintiffs served Remington with Plaintiffs' Original Petition on or about November 7, 2012.  This Amended Notice of Removal is therefore timely filed less than thirty (30) days after Remington was served.  Remington is the sole defendant in this case.

---

[1] See Original Petition attached hereto as Exhibit A-1.

3.      The United States District Court for the Eastern District of Texas is the federal judicial district encompassing Jefferson County, Texas. Therefore the Eastern District of Texas is the appropriate location for a removal from Jefferson County, Texas pursuant to 28 U.S.C. § 1441(b).

4.      The Clerk of the District Court for Jefferson County, Texas and Plaintiffs' counsel have been given notice of the filing of this Amended Notice of Removal.

## Diversity Jurisdiction

5.      Remington's basis for removal to federal court is diversity jurisdiction pursuant to 28 U.S.C. § 1332 because: (1) there is complete diversity of citizenship between Plaintiffs and Remington; and (2) the amount in controversy, exclusive of interests and costs, exceeds seventy-five thousand dollars ($75,000.00).[2]

6.      Remington is a limited liability company organized under the laws of the state of Delaware with its principal place of business in North Carolina. Remington's sole member is a Delaware limited liability company with its principal place of business in North Carolina. Thus, for the purposes of diversity jurisdiction, Remington is a citizen of Delaware and North Carolina.[3]

7.      Plaintiffs reside in Walker County, Texas, and are citizens of Texas.[4]

## Pertinent Background

8.      Plaintiffs premise their action on the alleged accidental discharge of a Remington 700 bolt-action rifle that injured Chad Hall.[5] In their Original Petition, Plaintiffs assert that at approximately

---

[2] Exhibit A-1 at pp. 8-9.

[3] Remington's sole member id FGI Operating Company, LLC ("Operating"), a Delaware limited liability company with its principal place of business in North Carolina. Operating's sole member is FGI Holding Company, LLC ("Holding"), a Delaware limited liability company with its principal place of business in North Carolina. Holding's sole member is Remington Outdoors Company, Inc., a Delaware corporation with a principal place of business in North Carolina.

[4] Exhibit A-1 at page 1.

[5] *Id.* at pp. 2 – 3.

5:30 a.m. on October 23, 2010, while at a deer lease near Groveton, Trinity County, Texas, Michael Biesiada attempted to ascertain whether or not his Remington 700 bolt-action rifle was loaded. When he touched the handle of the bolt, the rifle allegedly "discharged and the bullet traveled through the wall of Biesiada's cabin and through the wall of an adjacent mobile home" striking Chad Hall in his right thigh.[6]

9.      Plaintiff's Original Petition asserts product liability claims against Remington sounding in strict liability and negligence and for actual and exemplary damages.[7]

## Amount in Controversy

10.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy is greater than $75,000.00, exclusive of interest and costs. As it is facially apparent from the Plaintiff's Original Petition that the amount in controversy exceeds the removal threshold, Remington need only point to that fact to successfully meet is burden of showing that the amount in controversy exceeds the statutory minimum jurisdictional limit of this Court.[8]

11.     In this matter, Plaintiffs assert a personal injury claim alleging that Chad Hall has suffered a 28% permanent impairment and will suffer pain for the rest of his life, has undergone multiple surgical procedures with an additional procedure planned for the future, loss of earnings, benefits and earning capacity, loss of consortium and past and future mental anguish. Plaintiffs also assert that Dusky Hall and B. R. Hall have suffered loss of consortium. Plaintiffs value their damages at $1.5 million dollars.[9]

---

[6] *Id.*
[7] *Id.* at pp. 6 – 9.
[8] *See Cross v. Bell Helmets, USA*, 927 F. Supp. 209, 213 (E.D. Tex. 1996).

[9] Exhibit A-1 at pp. 8 – 9.

12. Exemplary damages claims are to be included in analyzing whether or not the amount in controversy requirement is met.[10] Courts routinely hold that merely seeking punitive damages, without any consideration of other damages, is sufficient to meet the jurisdictional amount in controversy.[11]

## Conclusion

13. Because both of the requirements for federal diversity jurisdiction under 28 U.S.C. § 1332 are satisfied, *i.e.*, complete diversity of citizenship between the Plaintiffs and the Defendant, and the amount in controversy exceeds the statutory minimum, this action is properly removed by Remington.

WHEREFORE, Defendant REMINGTON ARMS COMPANY, LLC, hereby gives notice that this action is removed from the 172nd Judicial District Court of Jefferson County, Texas to the United States District Court for the Eastern District of Texas, Beaumont Division.

Dated: November 09, 2012.

Respectfully submitted,
MEHAFFYWEBER, PC

By: *Sandra F. Clark*
    Sandra F. Clark
    Attorney-In-Charge
    State Bar No. 04294520
    Michele Y. Smith
    State Bar No. 00785296
    2615 Calder Avenue, Suite 800
    Beaumont, Texas 77702
    Telephone: 409/835-5011
    Telecopier: 409/835-5177

**ATTORNEY FOR DEFENDANT
Remington Arms Company, LLC.**

---

[10] *See, e.g., Bassett v. Toyota Motor Credit Corp.,* 818 F. Supp 1462 (S.D. Ala 1993); *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698 (S.D. Miss. 1988); *Watson v. Blankinship*, 20 F.3e 383, 386 (10th Cir. 1994).
[11] *See, e.g., Allen v. R&H Oil &Gas Co.,* 63 F3rd 1326, 1336 (5th Cir. 1995).