| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

CHAD HALL and DUSKY HALL, §
individually and as next friends of §
BRANDEN R. HALL, §
　§
　　　　Plaintiffs, §
　§
*versus* §　　CIVIL ACTION NO. 1:12-CV-546
　§
REMINGTON ARMS COMPANY, LLC, §
　§
　　　　Defendant. §

## MEMORANDUM AND ORDER

Pending before the court is Plaintiffs' Motion to Dismiss Without Prejudice (#10) filed by Randy W. Williams ("Williams") in his capacity as trustee of the bankruptcy estate of Chad L. Hall and Dusky D. Hall ("the Halls") and by the Halls in their individual capacities (collectively "Plaintiffs"). The motion seeks to dismiss this cause of action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1). Having considered the instant motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that Plaintiffs' motion should be granted.

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure provides that a plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Although the instant document cites Rule 41(a)(1), it is styled as a "motion" instead of a notice of dismissal. Given the citation to Rule 41(a)(1), however, the court construes the motion as a notice of dismissal under Rule 41(a)(1)(A)(i).

As of December 12, 2012, the date the motion to dismiss was filed, Remington Arms Company, LLC ("Remington"), had not filed an answer or a motion for summary judgment. Normally, that would be the end of the inquiry because a notice of dismissal is "immediately self-effectuating." *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010). Remington contends, however, that because Plaintiffs included "material and argument from outside the pleadings" in their response to Remington's Motion to Dismiss (#6), the motion to dismiss was converted into a motion for summary judgment pursuant to Rule 12(d). *See* FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to . . . the court, the motion must be treated as one for summary judgment under Rule 56."). In this situation, however, it is the response rather than the motion that relies on matters outside the pleadings. Moreover, the court can consider judicially-noticed public records without converting a 12(b)(6) motion into a motion for summary judgment. *Hall v. Hodgkins*, 305 F. App'x 224, 228 n.1 (5th Cir. 2008) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir.), *cert. denied*, 513 U.S. 868 (1994)). Here, the extraneous materials and argument consist of a notice of bankruptcy and reference to rulings made by the United States Bankruptcy Court for the Southern District of Texas in the Halls' Chapter 7 bankruptcy case (No. 10-41293-H5-7). These are public records of which the court takes judicial notice, and, therefore, the Plaintiffs' response did not convert Remington's Motion to Dismiss (#4) into a summary judgment motion.

Remington also opposes Plaintiffs' motion to dismiss on the grounds that either Williams or the Halls are not proper parties in this case. Remington notes that Plaintiffs' filings in this court and in Adversary Proceeding No. 12-03503 in the Halls' Chapter 7 bankruptcy case "reflect an inconsistency regarding the ownership of the claims." While accurate, it is also apparent that

one of the plaintiffs in this case is the owner of these claims.  Because the motion in question was filed by both Williams and the Halls, at least one of them had ownership of the claims and the right to file a notice of dismissal.

Accordingly, the court grants Plaintiffs' Motion to Dismiss (#10).  This action is dismissed without prejudice pursuant to Rule 41(a)(1).  Remington's Motion to Dismiss (#4) is denied as moot.

SIGNED at Beaumont, Texas, this 18th day of January, 2013.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE